Dear Mr. Tureau:
This office is in receipt of your request for an opinion of the Attorney General in regard to the cost of housing juveniles adjudicated delinquent. You indicate it costs the Parish approximately $91 per day for an incarcerated juvenile. The state is allowed thirty days within which to pick up post adjudicated juveniles from local facilities and pays $21 per day to local sheriffs and juvenile facilities for the housing during this period. The parish picks up the difference between the $21 payment per day by the State Department of Corrections and the average $91 cost per day. In addition, in many instances the Department of Corrections does not pick up the juvenile within the 30 day period.
You ask the following:
 1. Who is responsible for the total payment of costs of housing post adjudicated juveniles in private and state juvenile facilities;
 2. If the state is responsible and is not paying the total cost, may the parish sue the state for costs it has expended because the State Department of Corrections has arbitrarily refused to pay more than $21 per day; and
 3. Thirty days after a juvenile has been adjudicated, may the parish inform the juvenile facility it will no longer pay any costs associated with the housing and maintaining that juvenile which will probably result in that juvenile being released.
While the local governing authority is responsible for all costs associated with the detention of juveniles prior to their adjudication as delinquents or children in need of care, this office has recognized that the cost following adjudication is a different matter. In Atty. Gen. Op. No. 91-425 it was concluded costs incurred subsequent to adjudication would be incurred either by the juvenile's parents or the Department of Corrections.
The expense incurred by the Department must be read in the light of various legislative mandates. With respect to children adjudicated delinquent and children in need of supervision as determined by a court of competent jurisdiction, under R.S.46:1906 the Department shall "accept legal custody on the day of disposition of all children placed in it by the court", and the Department is given sole authority over placement, care, treatment and other considerations deemed necessary from the resources that are available, and shall coordinate all services. Ch. C. Art. 908, R.S. 46:1910 In accordance with R.S. 46:1906 the Department "shall pay to the local governing authority for feeding and maintaining each child who is adjudicated delinquent or in need of supervision and committed to the department and who is held in a local institution or facility due to the inability of the department to accept the child the same amount as is paid for keeping and feeding individuals committed to the department and confined in a parish jail."
We recognize under Ch. C. Art 685 the court may order the parents to contribute to cost of care of children in an amount commensurate with the ability to pay, but realize this usually will not provide any significant amount and that the major costs will come from other sources. It is clear the parish must be paid by the Department for keeping and feeding juveniles. However, by the mandate of R.S. 46:1906 the cost of feeding and maintaining each child must come from the per diem paid by the Department to the governing authority as the amount paid for "keeping and feeding individuals committed to the department and confined in a parish jail".
You have not specified what actually is provided in the average cost of $91.00 per day but this office has determined that "keeping and feeding of prisoners" includes such things as providing food, clothing, shoes and daily hygiene. These must come from the per diem paid by the department, and if this is costing $91.00 we do not believe additional compensation may be obtained from the Department inasmuch as the Legislature has not mandated anything be paid except the same amount being paid to house department of correction prisoners in parish jails.
In Atty. Gen. Op. No. 86-7 it was observed in regard to costs of prisoners sentenced to the Department of Corrections but remaining in parish jails, that the police jury must maintain the physical facility whereas the compensation received by the sheriff from the Department is to cover the entire cost of feeding and maintaining each prisoner. It was concluded when the department makes payment in accordance with the statutes no additional compensation should be paid for the care of such prisoners. This reasoning would logically apply to juveniles in parish facilities which obviously creates a financial problem when this care cannot be provided in the amount statutorily provided.
This office has also concluded the police jury may not bill the sheriff for a pro rata portion of jail overhead costs based on the fact he is housing prisoners sentenced to the custody of the Department of Corrections and may not refuse to house prisoners sentenced to the Department of Corrections. Atty. Gen. Op. No. 87-493. Again the logic of this conclusion would apply to juveniles housed in parish facilities although this office has observed there may be assistance provided to parishes in operating community-based youth service programs, Atty. Gen. Op. No. 91-425.
Therefore, by legislative mandate we must conclude the Department of Corrections is only obligated to pay $21 per day for the food, clothing, shoes and necessities for daily hygiene. Consequently, we cannot agree that the Department "has arbitrarily refused to pay more than $21 per day". If this does not cover the total cost of the feeding and maintenance and relief cannot be obtained from the parents, we feel it is necessary to seek statutory amendments.
We hope this information sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR